UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

JUL 11 2013  ★

LONG ISLAND OFFICE

```
------------------------------X Docket#
UNITED STATES OF AMERICA,      : 13-cr-72(ADS)(AKT)
                               :
     - versus -                : U.S. Courthouse
                               : Central Islip, New York
JOHN DOE,                      :
                 Defendant     : February 8, 2013
------------------------------X
```

S E A L E D   P R O C E E D I N G
TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

A   P   P   E   A   R   A   N   C   E   S:


**For the Government:**          Loretta E. Lynch, Esq.
                                 United States Attorney

                          BY:    **Sean Flynn, Esq.**
                                 **John Durham, Esq.**
                                 **Seth DuCharme, Esq.**
                                 Assistant U.S. Attorney
                                 100 Federal Plaza
                                 Central Islip, NY 11722


**For the Defendant:**           **Tracey Gaffey, Esq.**
                                 **Randi Chavis, Esq.**
                                 Federal Defenders of NY
                                 770 Federal Plaza
                                 Central Islip, NY 11722


**Transcription Service:**       **Transcriptions Plus II, Inc.**
                                 740 Sharon Road
                                 Copiague, New York 11726
                                 lafertype@verizon.net


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

2

Proceedings

1          THE CLERK:  Calling 13-cr-72, United States of
2   America v. John Doe.
3          Please state your appearances for the record.
4          MR. FLYNN:  Good morning, your Honor.
5          Sean Flynn and Seth DuCharme and John Durham on
6   behalf of the United States.
7          MR. DURHAM:  Good morning, your Honor.
8          MS. GAFFEY: Good morning, your Honor.
9          Tracey Gaffey and Randi Chavis on behalf of the
10  defendant.
11         THE COURT:  Good morning, as well.
12         (Pause)
13         THE COURT:  We have a number of matters to get
14  through this morning, so let me begin with the referral
15  from Judge Spatt.
16         Mr. Kaleebe (ph.), this matter has been
17  referred to me from Judge Spatt, the district judge
18  assigned to this case, to administer what's called the
19  allocution here under Criminal Rule 11 and to make
20  specific findings as to whether or not the plea that you
21  intend to enter here today is knowingly and voluntarily
22  made and to make a recommendation to Judge Spatt as to
23  whether the plea of guilty should be accepted.
24         Do you understand that?
25         THE DEFENDANT:  Yes, your Honor.

Transcriptions Plus II, Inc.

3

Proceedings

1         THE COURT:  You have a right, an absolute

2  right, to have your plea entered before Judge Spatt.

3         Do you understand that?

4         THE DEFENDANT:  Yes, I do.

5         THE COURT:  And notwithstanding that fact, I am

6  advised that you're agreeing to have your plea entered

7  here before me.

8         Is that correct?

9         THE DEFENDANT:  That's correct.

10         THE COURT:  And have you had an opportunity to

11  speak to your counsel about having your plea entered here

12  before me?

13         THE DEFENDANT:  Yes.

14         THE COURT:  And are you consenting to do so?

15         THE DEFENDANT:  Yes, I am.

16         THE COURT:  All right.  I have also been handed

17  up a waiver of indictment form and that form says that

18  you, Mr. Kaleebe, having been accused of attempting to

19  provide material support to terrorists in violation of

20  Title 18 of the United States Code Section 2339(a) and

21  attempting to provide material support to a foreign

22  terrorist organization in violation of Title 18 United

23  States Code Section 2339(b)(1)(A), that having been

24  advised of the nature of those charges, you are

25  nonetheless, having been informed of your rights, waiving

4

Proceedings

1  here in open court today, you're waiving prosecution by

2  indictment and consenting that the proceeding may be here

3  by information rather than by indictment.

4          Is that correct?

5          THE DEFENDANT:  That's correct.

6          THE COURT:  And are you agreeing to that?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And once again, have you had an

9  opportunity to speak with your counsel with regard to

10 this waiver of indictment?

11         THE DEFENDANT:  Yes, I have.

12         THE COURT:  Has anybody forced you or

13 threatened you in any way to get you to sign this waiver?

14         THE DEFENDANT:  No.

15         THE COURT:  And are you doing so freely and

16 voluntarily?

17         THE DEFENDANT:  Yes.

18         THE COURT:  All right.  Based on the

19 information that I have received from Mr. Kaleebe, I am

20 signing the waiver of indictment form now, as well.

21         Mr. Flynn, I know that you have an application

22 here with regard to the record.  I'm going to just hold

23 that over until we finish the plea, if that's agreeable.

24         MR. FLYNN:  Yes, your Honor.

25         THE COURT:  All right.

Proceedings

5

1        I am going to ask my courtroom deputy now to

2   swear in the defendant and just to let you know,

3   Mr. Kaleebe, before accepting or making any

4   recommendation with regard to your plea, there are a

5   number of questions that I must ask you to insure that it

6   is a valid plea.

7        And if for some reason you don't understand any

8   of my questions, I'm going to ask you to please let me

9   know that in some way either through your counsel or by

10  raising your hand, and I'll attempt to reword the

11  question in a way that you can answer it.  All right?

12       Do you understand?

13       THE DEFENDANT:  Yes.

14       THE COURT:  All right.  Madam clerk, will you

15  please swear in the defendant.

16  **(DEFENDANT SWORN)**

17       THE COURT:  Actually, a thought just occurred

18  to me, we might -- we have not arraigned him on the

19  information; correct?

20       MS. CHAVIS:  (Indiscernible).

21       THE COURT:  Do we need to arraign him first on

22  the information?

23       MR. FLYNN:  Yes, your Honor.

24       THE COURT:  All right.  Let's take care of that

25  first.

Proceedings

6

1      MS. CHAVIS:  Your Honor, did we inquire at

2  (indiscernible) to change that plea of guilty f the

3  information.

4      THE COURT:  Well, let me arraign him on the

5  information first and we'll take it from there, all

6  right?

7      Mr. Kaleebe, the purpose of this part of the

8  proceeding is to make sure that you understand what

9  crimes you're charged with, to make sure you understand

10  that you have a right to be represented by an attorney

11  and to address the question of whether you should be

12  released on bail or held in jail.

13      You are not required to make any statement here

14  and any statement that you do make, except to your

15  attorneys, can be used against you.

16      Do you understand that?

17      THE DEFENDANT:  Yes, I do.

18      THE COURT:  Mr. Kaleebe, have you had an

19  opportunity to see and review the information that's been

20  filed against you in this case?

21      THE DEFENDANT:  Yes, I have.

22      THE COURT:  And do you understand that you have

23  been charged in Count I with attempt to provide material

24  support to terrorists.  Specifically here, that in or

25  about and between August 1, 2011 and January 21, 2012

Proceedings

7

1  (sic), here in the Eastern District of New York and

2  elsewhere, that you with others are charged with

3  knowingly and intentionally attempting to provide

4  material support and resources as defined in the statute

5  that applies here including currency, monetary

6  instruments, communications equipment, and personnel,

7  including yourself, knowing and intending that they were

8  to be used in preparation for and in carrying out a

9  conspiracy to commit at a place outside of the United

10  States, an act that would constitute the offense of

11  murder or maiming if committed in the special maritime

12  and territorial jurisdiction of the United States, where

13  one or more of the conspirators would commit an act

14  within the jurisdiction of the United States to affect an

15  object of the conspiracy in violation of Title 18 United

16  States Code Section 956(a).

17       Do you understand that that's what you're

18  charged with in Count I?

19       THE DEFENDANT:  Yes, I do.

20       THE COURT:  Count II is attempt to provide

21  material support to a foreign terrorist organization.  In

22  that count, you're charged with on or about and between

23  August 1, 2011 and January 21, 2013, here in the Eastern

24  District of New York and elsewhere, along with others, of

25  knowingly and intentionally attempting to provide

Transcriptions Plus II, Inc.

8

Proceedings

1   material support and resources as defined in the statute

2   noted here, including currency, monetary instruments,

3   communications equipment and personnel, including

4   yourself to a foreign terrorist organization and here

5   specifically, al-Qaeda, in the Arabian Peninsula, also

6   known as "Ansar al-Sharia".

7           Do you understand that that's the second charge

8   against you in the information?

9           THE DEFENDANT:  Yes, I do.

10          MR. FLYNN:  I apologize, your Honor.  Just to

11   clarify for the record, with respect to Count I, when

12   your Honor was outlining those charges, you mentioned

13   August 1, 2011 to January 21, 2012 as the bookend of the

14   crime base.  It's actually January 21, 2013.

15          THE COURT:  All right.  Thank you for bringing

16   that to my attention.

17          Do you understand that the dates we're talking

18   about in Count I here are between August 1, 2011 and

19   January 21, 2013?  Is that correct, Mr. Kaleebe?

20          THE DEFENDANT:  Yes.

21          THE COURT:  All right.

22          Have you had an opportunity to discuss the

23   charges in the information with your counsel, Mr.

24   Kaleebe?

25          THE DEFENDANT:  Yes, I have.

Transcriptions Plus II, Inc.

9

Proceedings

1          THE COURT:  And you know that you're being

2    represented by the attorneys from the Federal Defender's

3    Service here and in particular, Ms. Gaffey and Ms.

4    Chavis; correct?

5          THE DEFENDANT:  Yes.

6          THE COURT:  All right.

7          Ms. Gaffey, have you had an opportunity to

8    review the information with Mr. Kaleebe?

9          MS. GAFFEY:  Yes, we have, your Honor.

10          THE COURT:  And have you advised him of his

11    constitutional rights?

12          MS. GAFFEY:  Yes, we have.

13          THE COURT:  Is there any issue here with regard

14    to a preliminary hearing?  I assume there is not.

15          MS. GAFFEY:  No, your Honor.

16          THE COURT:  All right.  Then let's proceed with

17    the plea.

18          Mr. Kaleebe, you have already been sworn in as

19    you recall; correct?

20          THE DEFENDANT:  Yes.

21          THE COURT:  All right.  Mr. Kaleebe, do you

22    understand that having been sworn now your answers to my

23    questions will be subject to the penalties of perjury or

24    of making a false statement if you do not answer them

25    truthfully?

Transcriptions Plus II, Inc.

10

Proceedings

1          THE DEFENDANT:  Yes, I do understand.

2          THE COURT:  What is your full name, please?

3          THE DEFENDANT:  Justin Robert Kaleebe.

4          THE COURT:  And Mr. Kaleebe, how old are you?

5          THE DEFENDANT:  18-years-old.

6          THE COURT:  What is the highest level of

7  schooling that you've completed?

8          THE DEFENDANT:  I -- I was in twelfth grade at

9  the time of my arrest.

10         THE COURT:  All right.  Are you now or have you

11  recently been under the care of a physician or a

12  psychiatrist?

13         THE DEFENDANT:  Yes, a physician.

14         THE COURT:  And are currently taking any

15  medication as a result of being under the care of a

16  physician?

17         THE DEFENDANT:  Yes, I am.

18         THE COURT:  And what medication are you taking?

19         THE DEFENDANT:  I am taking a testosterone

20  supplement, AndroGel it's called.

21         THE COURT:  Anything else?

22         THE DEFENDANT:  No.

23         THE COURT:  All right.  Is there anything about

24  that medication that would impair your ability to appear

25  here today and give truthful answers to the questions

Transcriptions Plus II, Inc.

Proceedings

1  that I am asking you?

2            THE DEFENDANT:  No.

3            THE COURT:  In the past 24 hours, have you

4  taken any narcotic drugs, medicine or pills aside from

5  what you've just described as the testosterone

6  medication, have you taken anything else or drunk any

7  alcoholic beverage in the last 24 hours?

8            THE DEFENDANT:  No, I have not.

9            THE COURT:  Have you ever been hospitalized or

10 treated for a narcotics addiction?

11           THE DEFENDANT:  No.

12           THE COURT:  Is your mind clear as you sit here

13 this afternoon?

14           THE DEFENDANT:  Yes.

15           THE COURT:  And do you understand what is going

16 on in the courtroom?

17           THE DEFENDANT:  Yes, I do.

18           THE COURT:  Ms. Gaffey, have you discussed this

19 matter with Mr. Kaleebe?

20           MS. GAFFEY:  Yes, we have.

21           THE COURT:  And does he understand the rights

22 that he would be waiving here by pleading guilty?

23           MS. GAFFEY:  Yes, he does.

24           THE COURT:  To the best of your knowledge is

25 Mr. Kaleebe capable of understanding the nature of these

Transcriptions Plus II, Inc.

```
                                                        12
                        Proceedings
1  proceedings?
2           MS. GAFFEY:  Yes, he is.
3           THE COURT:  And do you have any doubt, Ms.
4  Gaffey, as to Mr. Kaleebe's competency to plead at this
5  time?
6           MS. GAFFEY:  No, I do not.
7           THE COURT: Mr. Kaleebe, you have the right to
8  plead not guilty.
9           Do you understand that?
10          THE DEFENDANT:  Yes, I do.
11          THE COURT: If you plead not guilty, under the
12  Constitution and laws of the United States, you are
13  entitled to a speedy and public trial by a jury with the
14  assistance of counsel on the charges.
15          Do you understand that?
16          THE DEFENDANT:  Yes, I do.
17          THE COURT:  At the trial, you would be presumed
18  to be innocent and the government would have to overcome
19  that presumption and prove you guilty by competent
20  evidence and beyond a reasonable doubt.  And you would
21  not have to prove that you are innocent.  And if the
22  government failed, the jury would have the duty to find
23  you not guilty.
24          Do you understand that?
25          THE DEFENDANT:  Yes, I do.
```

13

Proceedings

1          THE COURT:  In the course of the trial, the
2  witnesses for the government have to come to court and
3  testify in your presence.  And your counsel has the right
4  to cross-examine the witnesses for the government, to
5  object to evidence that's offered by the government and
6  to offer evidence on your behalf.  You also have the
7  right to compel witnesses to the trial.

8          Do you understand that?

9          THE DEFENDANT:  Yes, I do.

10          THE COURT:  At the trial, while you would have
11  the right to testify if you chose to do so, you would not
12  be required to testify.  Under the Constitution of the
13  United States, you cannot be compelled to incriminate
14  yourself.  If you decided not to testify, the Court would
15  instruct the jury that they could not hold that against
16  you.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  If you plead guilty and if I
20  recommend to Judge Spatt that the plea be accepted, you
21  will be giving up your constitutional rights to a trial
22  and all the other rights that I have just discussed with
23  you.  There will be no further trial of any kind and no
24  right to appeal or collaterally attack or at any time
25  question whether you are guilty or not.  A judgment of

Transcriptions Plus II, Inc.

14

Proceedings

1  guilty will be entered on the basis of your guilty plea

2  and that judgment can never be challenged.  However, you

3  have the right to appeal with respect to the taking of

4  this plea and the sentence.

5          Do you understand that?

6          THE DEFENDANT:  Yes.

7          THE COURT:  If you plead guilty, I will have to

8  ask you questions about what did you did in order to

9  satisfy myself that you are guilty of the charges to

10 which you seek to plead guilty.  And you will have to

11 answer my questions and acknowledge your guilt.

12 Therefore, you will be giving up your right not to

13 incriminate yourself.

14         Do you understand that?

15         THE DEFENDANT:  Yes, I do.

16         THE COURT:  Mr. Kaleebe, are you willing to

17 give up your right to a trial and the other rights that I

18 have just discussed with you?

19         THE DEFENDANT:  Yes.

20         THE COURT:  I have before me now the plea

21 agreement that you've entered into with the government

22 which we are marking as Court Exhibit 1.

23         You've seen the plea agreement, correct,

24 Mr. Kaleebe?

25         THE DEFENDANT:  Yes, I have.

Transcriptions Plus II, Inc.

15

Proceedings

1       THE COURT:  And is this the agreement that

2  you've entered into now with the government regarding the

3  charges in this case?

4       THE DEFENDANT:  Yes, it is.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25       THE COURT:  Mr. Flynn, I'm going to call upon

Transcriptions Plus II, Inc.

Proceedings

1  you again now on behalf of the government if you would to

2  fill in the elements of the crimes charged here in the

3  information.

4          MR. FLYNN:  Yes, your Honor.  Count I of the

5  information, your Honor, charges attempt to provide

6  material support to terrorists, which is a violation of

7  Title 18 United States Code Section 2339(A)(a).

8          The essential elements of that crime are that

9  between August 1, 2011 and January 21, 2013, the

10 defendant knowingly and intentionally attempted to a

11 substantial (indiscernible) to provide material support

12 including either money, communications equipment or

13 himself, knowing and intending that those items were to

14 be used in preparation in support of the defendant

15 carrying out a conspiracy to commit at a place outside

16 the United States, an act that would constitute the

17 offense of either murder or maiming if it was committed

18 within the special maritime and territorial jurisdiction

19 of the United States and for one or more of the

20 conspirators would commit an act within the jurisdiction

21 of the United States to affect an object of the

22 conspiracy.

23         THE COURT:  All right.  Thank you.

24         Mr. Kaleebe, you've heard the prosecutor

25 outline the elements of the crimes with which you're

Transcriptions Plus II, Inc.

Proceedings                                              17

1  charged.

2          MR. FLYNN:  I'm sorry, your Honor, there's also

3  a second count.

4          THE COURT:  So we've had Count I.

5          MR. FLYNN:  Yes, your Honor.

6          THE COURT:  Let me just ask him, do you

7  understand Count I?

8          THE DEFENDANT:  Yes, I did.

9          THE COURT:  All right.  Do you want to proceed

10 with Count II then, Mr. Flynn?

11         MR. FLYNN:  Yes, your Honor.  Count II of the

12 information charges the defendant with attempting to

13 provide material support to a foreign terrorist

14 organization in violation of Title 18 United States Code

15 Section 2339(b)(a)(1).  The essential elements of that

16 crime charged in Count II is that during the same time

17 period, August 1, 2011 and January 21, 2013, the

18 defendant did knowingly and intentionally attempt or take

19 substantial steps to provide material support including

20 either money, communications equipment or himself to a

21 foreign terrorist organization; here, al-Qaeda in the

22 Arabian Peninsula, also known as "Ansar al-Sharia".

23         The government would also have to satisfy the

24 jurisdictional element; that being the defendant's either

25 a United States citizen, which he is, or that the events

Transcriptions Plus II, Inc.

18

Proceedings

1   occurred in whole or in part in the United States.  That

2   the defendant knew that the terrorist organization had

3   been designated as a foreign terrorist organization

4   (indiscernible), that the defendant knew -- or that the

5   defendant knew that the organization engaged in terrorist

6   activity or terrorism.

7            THE COURT:  All right.

8            Mr. Kaleebe, you've now heard the prosecutor

9   outline the elements of the second count in the

10  information.

11           Do you understand those elements?

12           THE DEFENDANT:  Yes, I do.

13           THE COURT:  All right.  Have you had an

14  opportunity to discuss with your counsel, the charges --

15  the two charges that appear in the information?

16           THE DEFENDANT:  Yes.

17           THE COURT:  And do you understand those

18  charges?

19           THE DEFENDANT:  Yes, I do.

20           THE COURT:  Looking at your plea agreement, and

21  I'm going to be referring to several of the items in that

22  agreement right now,  Mr. Kaleebe, are you aware that

23  under the statute that applies here the maximum term of

24  imprisonment that Judge Spatt can impose with regard to

25  Count I in the information is a period of fifteen years.

                                                              19
                              Proceedings

1             Do you understand that?

2             THE DEFENDANT:  Yes, I do.

3             THE COURT:  And under the same statute, the

4    minimum term of imprisonment on Count I is zero years.

5             Do you understand that?

6             THE DEFENDANT:  Yes, I do.

7             THE COURT:  With regard to again, this first

8    count, the maximum fine under the statute that can be

9    imposed here is $250,000.

10            Do you understand that?

11            THE DEFENDANT:  Yes.

12            THE COURT:  And that restitution here as

13   provided in the statute will be determined by the Court,

14   meaning Judge Spatt.

15            Do you understand that?

16            THE DEFENDANT:  Yes.

17            THE COURT:  There is also a $100 special

18   assessment which is attached to this count, which is

19   primarily in the manner of an administrative fee that has

20   to be paid in the short term.

21            Do you understand that?

22            THE DEFENDANT:  Yes.

23            THE COURT:  With regard to Count I also, and

24   under the statute that applies here, Mr. Kaleebe, if

25   Judge Spatt imposes a period of incarceration, he must

                    Transcriptions Plus II, Inc.

Proceedings

1  then impose a period of supervised release, as well.

2          Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  Again, under the statute that

5  applies here, the maximum supervised release term here is

6  life, to follow any term of imprisonment.

7          Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  and if a condition of your release

10 is violated, you may be sentenced to up to two years

11 without credit for prerelease imprisnment or time

12 previously served on post-release supervision.

13         Do you understand that?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Moving to Count II, do you

16 understand that under Count II, the maximum term of

17 imprisonment that Judge Spatt can impose under the

18 statute here is fifteen years?

19         THE DEFENDANT:  Yes.

20         THE COURT:  And again, under the same statute,

21 the minimum term of imprisonment under Count II is zero

22 years.

23         Do you understand that?

24         THE DEFENDANT:  Yes, I do.

25         THE COURT:  The maximum fine attached to Count

Proceedings

1  II here is $250,000.

2          Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And that once again here,

5  restitution under the statute will be determined by the

6  Court.

7          Do you understand?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Here again, there is also a $100

10 special assessment, again in the nature of an

11 administrative fee that must be paid in the short term.

12         Do you understand that?

13         THE DEFENDANT:  Yes, I do.

14         THE COURT:  And once again, if Judge Spatt

15 imposes a period of incarceration here, he then must also

16 impose a period of supervised release.  Here, the maximum

17 supervised release term is life to follow any term of

18 imprisonment.

19         Do you understand that?

20         THE DEFENDANT:  Yes, I do.

21         THE COURT:  And do you further understand that

22 if a condition of that release is violated, you may be

23 sentenced to up to two years without credit for pre-

24 release imprisonment or time previously served on post-

25 release supervision?

22

Proceedings

1            THE DEFENDANT:  Yes, I understand.

2            THE COURT:  All right.  Do you also understand

3    that under the terms of the agreement the sentence

4    imposed on each count may run consecutively?

5            THE DEFENDANT:  Yes.

6            THE COURT:  All right.  Now, Mr. Kaleebe, have

7    you had an opportunity to discuss the Federal Sentencing

8    Guidelines with your attorneys?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Under a specific Supreme Court

11   decision the federal sentencing guidelines range is

12   advisory.  It's been declared to be advisory and not

13   mandatory.

14           Do you understand that?

15           THE DEFENDANT:  Yes, I do.

16           THE COURT:  In other words, Judge Spatt must

17   consider the federal sentencing guideline range but he is

18   not compelled to sentence you within that range.

19           Do you understand?

20           THE DEFENDANT:  Yes.

21           THE COURT:  After considering the Federal

22   Sentencing Guidelines range, Judge Spatt must consider

23   all of the other factors in your case.  For example, he

24   must consider the statutory reasons for sentencing and

25   those include the following:

Proceedings                          23

1           First of all, the nature and circumstances of

2      the offense and the history and characteristics of you as

3      the defendant.

4           He must also consider the need for the sentence

5      imposed to reflect the seriousness of the offense, to

6      promote respect for the law and to provide just

7      punishment for the offense.

8           He must also consider the need to afford

9      deterrence as to other criminal conduct and the need to

10     protect the public from further crimes that you might

11     commit.

12          Once Judge Spatt has done so, meaning once he

13     considered the Federal Sentencing Guideline range and all

14     of the other factors that I have just discussed with you,

15     his job then is to determine a sentence that is

16     reasonable, taking all of those factors into account.

17          Do you understand that?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Mr. Kaleebe, do you understand that

20     any estimate of the Federal Sentencing Guideline range

21     provided by the government is not binding on the Court

22     unless the Court says that it will be bound in that

23     fashion?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And do you realize importantly

24

Proceedings

1   here, that if the sentence imposed by Judge Spatt is more

2   severe than  you might have expected or anticipated, you

3   will nonetheless be bound by your guilty plea and you

4   will not be permitted to withdraw it?

5           Do you understand that?

6           THE DEFENDANT:  Yes, I understand.

7           THE COURT:  Mr. Kaleebe, do you have any

8   questions that you would like to ask me about the charges

9   here or your rights or anything else relating to this

10  matter?

11          THE DEFENDANT:  No, I do not.

12          THE COURT:  And are you ready to plead?

13          THE DEFENDANT:  Yes, I am.

14          THE COURT:  Ms. Gaffey, do you know of any

15  legal reason why Mr. Kaleebe should not plead guilty?

16          MS. GAFFEY:  No, your Honor, I do not.

17          THE COURT:  Mr. Kaleebe, are you satisfied with

18  your legal representation up to this point?

19          THE DEFENDANT:  Yes, I am.

20          THE COURT:  And Mr. Kaleebe, what is your plea

21  to Count I of the information?

22          THE DEFENDANT:  Guilty.

23          THE COURT:  And what is your plea to Count II

24  of the information?

25          THE DEFENDANT:  Guilty.

25

Proceedings

1    THE COURT: Are you making these two pleas of

2 guilty voluntarily and of your own free will?

3    THE DEFENDANT: Yes, I am.

4    THE COURT: Has anybody threatened you or

5 forced you in any way to get you to plead guilty?

6    THE DEFENDANT: No.

7

8

9

10

11

12

13    THE COURT: Has anyone made any promise to you

14 as to what your sentence will be?

15    THE DEFENDANT: No.

16    THE COURT: Mr. Kaleebe, did you as charged in

17 Counts I of the information, on or about and between

18 August 1, 2011 and January 21, 2013, here in the Eastern

19 District of New York and elsewhere, along with others,

20 did you knowingly and intentionally attempt to provide

21 material support and resources as defined in Title 18 of

22 United States Code Section 2339A(b), including currency,

23 monetary instruments, communications equipment and

24 personnel including yourself, knowing and intending that

25 they were to be used in preparation for and in carrying

Transcriptions Plus II, Inc.

Proceedings

1    out a conspiracy to commit at a place outside of the

2    United States, an act that would constitute the offense

3    of murder or maiming if committed in the special maritime

4    and territorial jurisdiction of the United States where

5    one or more of the conspirators would commit an act

6    within the jurisdiction of the United States to affect an

7    object of the conspiracy contrary to Title 18 United

8    States Code Section 956(a)?

9            THE DEFENDANT:  Yes, I understand.

10           THE COURT:  And with regard to Count II, Mr.

11   Kaleebe, did you on or about and between August 1, 2011

12   and January 21, 2013, within the Eastern District of New

13   York and elsewhere, did you along with others, knowingly

14   and intentionally attempt to provide material support and

15   resources as defined in Title 18 of United States Code

16   Section 2339A(b) including currency, monetary

17   instruments, communications equipment and personnel

18   including yourself to a foreign terrorist organization,

19   to wit here specifically, al-Qaeda in the Arabian

20   Peninsula, also known as "Ansar Al Sharia"?  Did you do

21   that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  Mr. Kaleebe, I am going to ask you

24   now please, if you would, to describe in your own words

25   what you did in connection with the acts charged in

Transcriptions Plus II, Inc.

Proceedings                                   27

1  Counts I and II of the information.

2          THE DEFENDANT: In the fall of 2011, I decided

3  that I wanted to go overseas and join a group that was

4  engaged in fighting against foreign government officials,

5  U.S. troops or coalition forces.  At meetings in Suffolk

6  County, Long Island, I and others discussed different

7  ways we could support such a group such as by providing

8  money, equipment and ourselves.

9          In the fall of 2012, I obtained a passport and

10  airline tickets and on January 21, 2013, I attempted to

11  board a flight to the Middle East at John F. Kennedy

12  Airport in an effort to reach in -- where I intended to

13  join the group Ansar Al Sharia, which is another name for

14  the foreign terrorist organization al-Qaeda in the

15  Arabian Peninsula.

16          When I was arrested, I was carrying with me an

17  iPad computer and some money which I was -- I planned on

18  and was willing to offer it to members of Ansar Al Sharia

19  to help their efforts.

20          THE COURT:  All right.

21          MR. FLYNN:  Your Honor, the government in

22  addition to the allocution that was just put on the

23  record, the government would additionally proffer that

24  al-Qaeda in the Arabian Peninsula was formally designated

25  as a foreign terrorist organization by the United States

Transcriptions Plus II, Inc.

28

Proceedings

1   Department of State on January 19, 2010.

2            And subsequently, on October 4, 2012, Ansar Al

·3   Sharia was tagged as (indiscernible) as a foreign

4   terrorist organization.

5            THE COURT:  All right.  That is so noted.  I

6   need to just ask, Mr. Kaleebe, you concur, you agree with

7   that statement?

8            THE DEFENDANT:  Yes.

9            THE COURT:  All right.

10           THE COURT:  Mr. Flynn, at this time, I am going

11  to call on you again please on behalf of the government

12  if you would, to outline the proof if this case were to

13  proceed to trial.

14           MR. FLYNN:  Your Honor, if this case were to

15  proceed to trial, the government would call as witnesses,

16  of course (indiscernible) an undercover officer, who made

17  recordings over a substantial period of time of both

18  himself and others, including the defendant in this case.

19  On those recordings, the defendant can be heard in his

20  own voice planning·-- expressing his desire and plans to

21  travel to the Middle East, specifically to Yemen, to

22  provide support and ultimately join in a foreign

23  terrorist organization, most notably al-Qaeda in the

24  Arabian Peninsula.

25           In addition to those, recordings, the testimony

Transcriptions Plus II, Inc.

29
Proceedings

1  of the undercover officer, the government would also call

2  as witnesses other officers and law enforcement personnel

3  who would testify that on January 21st of this year,

4  2013, the defendant had in fact purchased a plane ticket

5  to the country of Yemen and was arrested when attempting

6  to board that plane on the jetway at John F. Kennedy

7  Airport.

8          Your Honor, just correct one point on the

9  record, the ticket was purchased to the nation of Oman

10 and again, the government would call witnesses and

11 officers who would testify and additionally, we would

12 provide undercover recordings that would show the

13 defendant's intent was to fly to Oman and cross the

14 border into Yemen.

15         THE COURT:  All right.  Thank you.

16         Based upon the information that's been provided

17 to me both by the government, by defendant's counsel and

18 by Mr. Kaleebe himself, in particular, I find that

19 Mr. Kaleebe is acting voluntarily, that he fully

20 understands his rights and the consequences of his plea

21 and that there is indeed a factual basis for the plea.

22         I am therefore recommending to Judge Spatt,

23 that the plea of guilty to Count I, as well as the plea

24 of guilty to Count II of the information here be

25 accepted.


Transcriptions Plus II, Inc.

30

Proceedings



Transcriptions Plus II, Inc.

31

Proceedings

[text redacted]

8          Is there anything further from the government?

9          MR. FLYNN:  No, your Honor, thank you.

10         THE COURT:  Ms. Gaffey and Ms. Chavis, anything

11 further on behalf of Mr. Kaleebe?

12         MS. GAFFEY:  No, your Honor.

13         THE COURT:  All right.  These proceedings are

14 concluded then.

15         I will tell you that this matter is set down

16 for sentencing before Judge Spatt on May 10th at 2 p.m.

17         Good luck to you, Mr. Kaleebe

18         THE DEFENDANT:  Thank you.

19         MR. FLYNN:  Thank you, your Honor.

20              (Matter concluded)

21                   -o0o-

22

23

24

25

Transcriptions Plus II, Inc.

32

# C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **7th** day of **March**, 2013.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.

Transcriptions Plus II, Inc.